IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DERRICK SUTTON,

       Petitioner,

v.                              CIVIL ACTION NO. 1:18CV163
                               CRIMINAL ACTION NO. 1:17CR27
                                 (Judge Keeley)

UNITED STATES OF AMERICA,

       Respondent.

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is the amended pro se motion filed by the petitioner, Derrick Sutton ("Sutton"), to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, and a motion for appointment of counsel. For the reasons that follow, the Court **DENIES** Sutton's § 2255 motion (Dkt. No. 11),[1] **DENIES AS MOOT** his motion for appointment of counsel (Dkt. No. 24), and **DISMISSES** this case **WITH PREJUDICE.**

### I. BACKGROUND

**A. Procedural History**

On August 28, 2017, Sutton pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Case No. 1:17CR27, Dkt.

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:18CV163.

SUTTON V. USA                                          1:18CV163
                                                      1:17CR27

## MEMORANDUM OPINION AND ORDER DENYING
## PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
## DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
## OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

No. 56). On January 3, 2018, the Court sentenced him to 151 months of imprisonment followed by 3 years of supervised release (Id., Dkt. No. 95).

On January 11, 2018, Sutton appealed to the United States Court of Appeals for the Fourth Circuit, questioning whether his counsel had rendered ineffective assistance by failing to advise him that he would likely be sentenced as a career offender (Id., Dkt. No. 97). On June 25, 2018, the Fourth Circuit affirmed this Court's judgment (Id., Dkt. Nos. 137, 138).

On August 21, 2018, Sutton, acting pro se, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, asserting again that he had received ineffective assistance based on his counsel's failure to advise him of the possibility that he could be sentenced as a career offender (Id., Dkt. No. 150; Case No. 1:18CV163, Dkt. No. 1). On May 15, 2018, Magistrate Judge Michael J. Aloi directed the Government to respond to Sutton's motion (Case No. 1:17CR27, Dkt. No. 48).

On November 26, 2018, Sutton moved to amend his § 2255 motion, which Magistrate Judge Aloi granted (Id., Dkt. Nos. 161, 169). Thereafter, on April 2, 2019, Magistrate Judge Aloi ordered the

2

SUTTON V. USA                                        1:18CV163
                                                     1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

Government to respond to Sutton's motion (Id., Dkt. No. 169). Sutton has advanced three grounds in this amended motion: (1) that his counsel's performance was objectively unreasonable; (2) that he was prejudiced by his counsel's deficient performance; and (3) that he is entitled to an evidentiary hearing (Id., Dkt. No. 163). Following the Government's response, Sutton did not file a reply brief, but instead moved the Court to appoint counsel for him to obtain copies of various statutes and to assist with the case (Id., Dkt. No. 180).

### II. APPLICABLE LAW

28 U.S.C. § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

### III. DISCUSSION

Sutton's central argument, that his attorney provided ineffective assistance by failing to object at sentencing to his career offender designation, hinges on a single premise: that his prior convictions under N.Y. Penal Law § 220.16(1) for attempted criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree do not qualify as predicate offenses for a career offender sentencing enhancement. This assertion is factually and legally incorrect.

Because Sutton's prior convictions are both New York state felony offenses involving controlled substances, the Court must analyze the underlying statutes to determine if they match the generic definitions of "attempt" and "controlled substance offense."

**A.   Categorical and Modified Categorical Approaches**

"[S]entencing courts must compare the state and generic elements of such statutes as well as the elements of the underlying substantive statutory offense when determining whether a prior attempt conviction qualifies as a controlled substance offense."

4

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

United States v. Dozier, 848 F.3d 180, 182 (4th Cir. 2017).

Pursuant to § 4B1.1 of the United States Sentencing Guidelines, a

defendant is a career offender if, among other factors, "[he] has

at least two prior felony convictions of either a crime of violence

or a controlled substance offense." U.S.S.G. § 4B1.1(a).

In addressing whether a prior conviction triggers a Guideline

sentencing enhancement, if the underlying statute is indivisible-

i.e., it does not contain alternative elements, the Court applies

the categorical approach. The point of this approach is "not to

determine whether the defendant's conduct could support a

conviction for a [predicate offense], but to determine whether the

defendant was in fact convicted of a crime that qualifies as a

[predicate offense.]" Dozier, 848 F.3d at 183 (internal citations

omitted). For a prior conviction to qualify as a predicate offense,

"the elements of the prior offense [must] 'correspond[] in

substance' to the elements of the enumerated offense." Id.

(internal citations omitted). Thus, under the categorical approach,

a court focuses on the elements of the prior offense instead of on

the conduct underlying the conviction.

Where a crime is defined with alternative elements, courts may

SUTTON V. USA                                        1:18CV163
                                                     1:17CR27

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

review a limited set of documents to determine which version of the statute formed the basis of the prior conviction. United States v. Williams, 898 F.3d 323 (3d Cir. 2018) (citing Descamps v. United States, 570 U.S. 254, 261-62, 133 S.Ct. 2276 (2013)). "Such a statute is termed 'divisible'" and this more record-intensive analysis is called the "modified categorical approach." Williams, 898 F.3d at 333. Put another way, a statute phrased in the disjunctive, using "or" to offset subsections, is divisible "if it lists 'elements' of the offense and not 'means' of committing that offense. . . . 'Elements are the constituent parts of a crime's legal definition - the things the prosecution must prove to sustain a conviction.'" Mathis v. United States, __ U.S. __, 136 S.Ct. 2243 (2016). The purpose of the modified categorical approach is to "help effectuate the categorical analysis when a divisible statute . . . renders opaque which element played a part in the defendant's conviction." United States v. Abbott, 748 F.3d 154, 157-58 (3d Cir. 2014) (citing Descamps, 133 S.Ct. at 2283)).

1.   **Categorical Approach and New York Attempt Statute**

In the Fourth Circuit, generic attempt involves (1) culpable intent to commit the crime charged, and (2) a substantial step

SUTTON V. USA                                    1:18CV163
                                                1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

towards the completion of the crime. Dozier, 848 F.3d at 186. "A substantial step is defined as a 'direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose.'" Id. (quoting United States v. Engle, 676 F.3d 405, 423 (4th Cir. 2012) (additional citations omitted)). A substantial step "is more than mere preparation but less . . . than completion of the crime." Id.

The New York attempt statute provides that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00. Because this statute does not include alternative elements, the statute is indivisible. See, e.g., Mathis, 136 S.Ct. at 2249. Two New York criminal laws also enumerate different classification categories depending on the scope and means of punishment for the underlying statutory offense. Relevant here, N.Y. Penal Law § 110.05 provides that "an attempt to commit a crime is a . . . [c]lass C felony when the crime attempted is a class B felony."[2] An individual convicted of a class B felony

---

[2] In addition to attempted possession of a controlled substance with intent to sell, Sutton is convicted of criminal possession of a controlled substance in the third degree, in

7

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11], DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

is exposed to a maximum of twenty-five years of imprisonment, while an individual convicted of a class C felony faces a maximum sentence of fifteen years of imprisonment. N.Y. Penal Law § 70.00(2)(b), (c).

Therefore, to be convicted of attempt in New York, a defendant must have a specific intent to commit a specific crime—"there can be no attempt to commit a crime that does not involve a specific intent." Holmes v. Ricks, 378 F.Supp.2d 171, 180 (W.D.N.Y. 2004) (citing People v. Bracey, 41 N.Y.2d 296, 300, 360 N.E.2d 1094 (1977);[3] People v. McDavis, 97 A.D.2d 302, 303-04, 469 N.Y.S.2d 508 (4th Dept. 1983)). Regarding the overt act requirement for attempt in New York:

> [A] person can be convicted of an attempt to commit an offense only if it is proven that he came "very near" or

---

violation of N.Y. Penal Law § 220.16(1). This statute states, in pertinent part, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it. . . . Criminal possession of a controlled substance in the third degree is a class B felony."

[3] "To the extent the statutory definition of a prior offense has been interpreted by the state's highest court, this interpretation informs and constrains our analysis of the state law." United States v. Dozier, 848 F.3d 180, 184 (4th Cir. 2017) (cleaned up).

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

> "dangerously near" to successfully completing the
> intended crime, see People v. Acosta, 80 N.Y.2d 665, 670,
> 609 N.E.2d 518 (1993), "'carr[ying] the project forward
> within dangerous proximity to the criminal end to be
> attained,'" People v. Bracey, 41 N.Y.2d 296, 300, 360
> N.E.2d 1094 (1977) (additional citation omitted).

United States v. King, 325 F.3d 110, 114 (2d Cir. 2003).

Based on these elements, the degree of intent required under
New York's general attempt statute is not greater than the intent
required under the generic definition, and the New York application
of an overt act corresponds in substance to the generic definition
of a substantial act. See Taylor, 495 U.S. at 599, 110 S.Ct. 2143.
Accordingly, under the requisite categorical approach, Sutton's
prior state conviction for attempt qualifies as a generic attempt
offense.

## 2. Modified Categorical Approach and New York Penal Law § 220.16

The Court turns next to consider whether the underlying
offense matches the generic definition of a "controlled substance
offense." The term "controlled substance offense" is defined as:

> [A]n offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that
> prohibits the manufacture, import, export, distribution,
> or dispensing of a controlled substance (or a counterfeit
> substance) or the possession of a controlled substance

SUTTON V. USA                                         1:18CV163
                                                      1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

(or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). A controlled substance offense also includes the offenses of "aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1.

"In N.Y. Penal Law § 220.16, thirteen subsections set out in the disjunctive define when '[a] person is guilty of criminal possession of a controlled substance in the third degree.'" Stevenson v. United States, Criminal No. 3:12-CR-145, Civil Action No. 3:18-CV-0057, 2019 WL 845418 at *6 (M.D. Pa. Feb. 21, 2019). Each subsection identifies types and/or quantities of drugs, and knowing and unlawful possession applies to each subsection. Seven subsections require "intent to sell." § 220.16(1)-(7). The remaining six subsections concern the weight of the prohibited substance. § 220.16(8)-(13). Therefore, the structure and various elements in the subsections of N.Y. Penal Law § 220.16 support the conclusion that the statute is divisible and the modified categorical approach may be applied to determine if a violation of the statute serves as a predicate offense for a career offender enhancement. See also, Felder v. United States, 5:09-CR-676-3, 2016 WL 6110477, at *2 (N.D.N.Y. Mar. 1, 2016); United States v. Taylor,

SUTTON V. USA                                           1:18CV163
                                                        1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

No. 11 CR 310, 2021 WL 599 1866, at *3-4 (S.D.N.Y. Nov. 30, 2012) (citing United States v. Brown, 97 F. App'x 348, 349-50 (2d Cir. 2004)); Wesley v. United States, No. 06-CV-3717 (NGG), 2008 WL 2640477, at *2 (E.D.N.Y. July 3, 2008) (finding that § 220.16(1) was "clearly . . . a 'controlled substance offense' within the meaning of U.S.S.G. § 4B1.1(a)"). See, e.g., United States v. King, 325 F.3d 110, 114 (2d Cir. 2003) (holding that a violation of § 220.16(1) was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii)).

A statute is divisible, moreover, when it "can be violated by the possession of and intent to distribute many different drugs, the types of which can increase the prescribed range of penalties." United States v. Abbott, 748 F.3d 154, 157-58 (3d Cir. 2014). To clarify which elements of a divisible statute played a part in the defendant's conviction, a court must apply the modified categorical approach. See Descamps, 570 U.S. at 260. "Once a sentencing court determines the modified categorical approach applies, the court may look beyond the face of the statute to the "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for

11

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

the plea was confirmed by the defendant, or to some comparable judicial record of this information." <u>Shepard v. United States</u>, 544 U.S. 13, 26, 125 S.Ct. 1254 (2005).

Here, Sutton attached two Certificates of Disposition Indictment to his combined reply and motion for appointment of counsel (Dkt. No. 24). These Certificates concern his prior convictions for "Attempted Criminal Possession of a Controlled Substance 3rd Degree PL 110-220.16 01 CF (Dangerous Drug)" and "Criminal Possession of a Controlled Substance 3rd Degree PL 220.16 01 BF (Cocaine)" (Dkt. No. 24-2 at 2-3). In New York, "[a] certificate issued by a criminal court, or the clerk thereof, certifying that a judgment of conviction against a designated defendant has been entered in such court, constitutes presumptive evidence of the facts stated in such certificate." N.Y. Crim. Pro. Law § 60.60(1).

Based on the Court's review of these certificates, Sutton was convicted of an attempted violation of N.Y. Penal Law § 220.16(1) on November 27, 2007 (Dkt. No. 24-2 at 3). Subsequently, on January 27, 2010, he was convicted of violating N.Y. Penal Law § 220.16(1). <u>Id.</u> at 2.

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11], DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

N.Y. Penal Law § 220.16(1) states, in pertinent part, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it. . . . Criminal possession of a controlled substance in the third degree is a class B felony." This relevant offense category would result in a felony conviction and a maximum sentence of imprisonment that exceeds one year.[4] N.Y. Penal Law § 70.00(2)(b) ("For a class B felony, the term shall be fixed by the court and shall not exceed twenty-five years.").

Finally, Sutton's argument that the term "sell" in N.Y. Penal

---

[4]

In New York, an attempt to commit a crime is a class C felony when the crime attempted is a class B felony. N.Y. Penal Law § 110.05. Thus:

> [The defendant]'s attempt to sell a controlled substance was punishable by one year or more of imprisonment, and thus was a qualifying predicate for career offender sentencing. Although the [New York] penal code permits a first time offender convicted of a class C felony to receive as little as a parole supervision sentence, [the defendant] could have received a sentence of up to fifteen years. See N.Y. Penal Law §§ 70.00, 70.70. Therefore, even after [United States v.] Simmons, [649 F.3d 237 (4th Cir. 2011)] [the] conviction may qualify as a predicate offense.

United States v. Foreman, 519 Fed. Appx. 131, 134 (4th Cir. 2013) (applying New York attempt statute to career offender sentencing guideline).

13

SUTTON V. USA                                      1:18CV163
                                                   1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

Law § 220.16(1) is broader than "distribute" is incorrect. According to 21 U.S.C. § 802(11), the term "distribute" means "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." "Deliver" means "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. § 802(8). As the Second Circuit has discussed, "an attempt to sell—or to offer or agree to sell—a controlled substance "involv[es] . . . distributing . . . a controlled substance." United States v. Wallace, 937 F.3d 130, 143 (2d Cir. 2019) (quoting King, 325 F.3d at 114). Therefore, the underlying offense, criminal possession of a controlled substance in the third degree, is a categorical match to a generic controlled substance offense. Consequently, Sutton's prior convictions for attempt and criminal possession of a controlled substance in the third degree are controlled substance offenses, and he was properly deemed a career offender under U.S.S.G. § 4B1.1.

**B.   Ineffective Assistance of Counsel Claim**

To succeed on an ineffective assistance of counsel claim, a "petitioner must show, by a preponderance of the evidence, that

14

SUTTON V. USA                                    1:18CV163
                                                 1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

(1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. United States, 269 F. Supp. 3d. 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984)); see also Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985) (holding that "the two-part [Strickland standard] applies to challenges to guilty pleas based on ineffective assistance of counsel.").

To satisfy the first prong, the petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of

15

SUTTON V. USA                                              1:18CV163
                                                          1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

reasonable professional assistance." Id.

To satisfy the second prong, in the context of a guilty plea a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "The [p]etitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp.3d at 726 (quoting United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

In the memorandum in support of his § 2255 motion, Sutton offers four (4) reasons in support of his claim that his conviction and sentence were imposed in violation of his Sixth Amendment right to the effective assistance of counsel. First, Sutton alleges that his counsel failed to conduct basic legal research regarding whether his prior New York convictions were valid predicate offenses for application of the career offender enhancement. Second, Sutton criticizes his counsel's decision to concede the career offender enhancement and argue for a variance. Third, Sutton claims his counsel should have objected to the career offender designation in the presentence investigation report. Finally,

16

SUTTON V. USA                                        1:18CV163
                                                     1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

Sutton contends that counsel failed to explain "matters to the extent reasonably necessary to permit [him] to make informed decisions about his representation and defense." (Dkt. No. 163-2 at 2).

Importantly, Sutton's assertions about his attorney's deficient performance are contradicted by the record. Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy or at sentencing. See United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005); Blackledge v. Allison, 431 U.S. 63, 74-75, 97 S.Ct. 1621 (1977)). At Sutton's plea hearing, the Court specifically addressed the potential implication of a career offender enhancement:

> THE COURT: Okay. Have . . . you ever been convicted in state court of a drug felony offense.
>
> DEFENDANT SUTTON: Yes, ma'am.
>
> THE COURT: All right. And that would be in New York?
>
> DEFENDANT SUTTON: Yes, ma'am.
>
> *****
>
> THE COURT: Okay. How many felonies are there?
>
> MR. DELLIGATTI: Well there's two.

17

SUTTON V. USA                                        1:18CV163
                                                     1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

THE COURT: Two. Is this going to put your client at risk of a Chapter Four enhancement for career offender?

MR. DELLIGATTI: It could. There's been some difficulty in determining–and I've been in contact with his counsel in New York as to when certain pleas have been entered and whether they were drug court deferral types of pleas, whether the dates are accurate or not, so there is some – and Mr. Sutton is aware of those issues.

THE COURT: All right. So, Mr. Sutton, when I say possible enhancement for career offender or I assume not armed career criminal but career offender?

MR. DELLIGATTI: Yes, Your Honor.

THE COURT: Do you understand that if you have two prior drug felony convictions that come within the definition of our federal law that you could have a significant enhancement to your sentence because of your two prior drug felony convictions?

DEFENDANT SUTTON: Yes, ma'am.

**THE COURT: Are you sure? You know, this isn't–is this something new you're hearing from me?**

**DEFENDANT SUTTON: No, it's not new, ma'am.**

THE COURT: Okay. Do you understand that there will be a sentencing hearing and all of that will be discussed at the sentencing hearing?

DEFENDANT SUTTON: Yes, ma'am.

**THE COURT: Okay. So Mr. Delligatti sounds like he's on top of it and has explained it to you. Do you agree with that?**

18

SUTTON V. USA                                    1:18CV163
                                                 1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

**DEFENDANT SUTTON: Yes, ma'am.**

\* \* \* \* \*

THE COURT: Mr. Sutton, has Mr. Delligatti adequately represented you in this matter?

DEFENDANT SUTTON: Yes, ma'am.

THE COURT: Has he left anything undone that you think-that you think he should have undertaken on your behalf?

DEFENDANT SUTTON: No, ma'am.

Case No. 1:17CR27, Dkt. No. 108 at 25:16-21, 32:10-33:15, 60:13-19 (emphasis added). Sutton also confirmed at his plea hearing that no one had predicted his exact sentence, and that he understood that the Court would consider many factors to determine a reasonable sentence. Id. at 59:12-19.

At sentencing, Sutton agreed that he did not have any evidence of ineffective assistance of counsel (Id., Dkt. No. 109 at 27:17-24). Additionally, he confirmed that the Court had discussed the potential application of the career offender enhancement during his plea hearing. Further, his attorney informed the Court that the two had discussed this issue:

THE COURT: Yes. Okay. I would remind you that at the time I took your plea there was a discussion about this issue of the career offender. Do you recall that?

19

SUTTON V. USA                                                    1:18CV163
                                                                1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

THE DEFENDANT: Yes.

THE COURT: Okay. Mr. Delligatti, you addressed it at that time and said that you and Mr. Sutton had discussed the possibility that he was going to be a career offender, correct?

MR. DELLIGATTI: Yes, Your Honor.

THE COURT: Okay. And so at the time he signed this plea agreement he was aware?

MR. DELLIGATTI: Yes, Your Honor.

THE COURT: Okay. Thank you.

Id. at 27:25-28:12.

Critically, Sutton's statements at sentencing that he was aware of the career offender enhancement and that he did not have any evidence of ineffective assistance of counsel bind him here unless he can show clear and convincing evidence to the contrary. He has failed to do so because he has not alleged any facts upon which relief can be granted, and, indeed, his argument centers on a mistaken understanding of the law. Therefore, because he cannot overcome the strong presumption that his attorney's conduct was within the wide range of reasonable professional assistance, he cannot establish that his counsel rendered ineffective assistance.

Even if Sutton could satisfy the first Strickland prong, he

SUTTON V. USA                                              1:18CV163
                                                           1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

cannot meet the second. Critically, he does not argue that any of his attorney's alleged deficiencies would have impacted his ultimate guilty plea. Instead, Sutton's position is that "[h]ad [he] understood that he had a viable defense to the application of the 'career offender' designation . . . [he] would have objected himself, and to the extent that counsel refused to raise the issue, he would have requested substitute counsel due to the conflict of interest between counsel and himself over his defense." Id. at 10-11.

Fatal to Sutton's argument is his failure to contend that, but for his counsel's errors, he would have insisted on going to trial. Indeed, his brief even attaches advice from his appellate attorney that "[b]ecause [he] entered a plea, **[he] must show that but for [his] attorney's errors[, he] would not have pleaded guilty**." (Dkt. No. 11-4 at 2) (emphasis added). Yet, Sutton has not made this point. Moreover, as previously analyzed at length, his contention that his prior New York drug felony convictions are not controlled substance offenses is legally and factually incorrect, and any argument made or objection raised in this vein would have been futile. Therefore, Sutton cannot prevail on his claim of

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

ineffective assistance of counsel.

### IV. EVIDENTIARY HEARING

Under § 2255, a court must grant a hearing to "determine the issues and make findings of fact and conclusions of law" unless it can be "conclusively shown" through the case record that a petitioner is not entitled to relief. 28 U.S.C. § 2255(b). Sutton has not raised any material issues that remain in dispute and therefore cannot demonstrate the need for an evidentiary hearing. United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000); McCarver v. Lee, 221 F.3d 583, 598 (4th Cir. 2000). Moreover, an evidentiary hearing is not necessary when a court can properly conclude without further production of evidence that an ineffective assistance of counsel claim is meritless. Strickland, 466 U.S. at 700. As the discussion above makes evident, Sutton's allegations of ineffective assistance of counsel are meritless, and an evidentiary hearing would not cure any deficiencies in his arguments.

### V. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first

SUTTON V. USA                                           1:18CV163
                                                        1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

appeal of right and no further." Id. The Court should appoint counsel to represent an indigent defendant only after a showing of particular need or exceptional circumstances has been made. See 28 U.S.C. § 1915(e)(1); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984). Nonetheless, the Rules Governing Section 2255 Proceedings of the United States District Courts require that counsel be appointed in certain circumstances, such as upon a determination that an evidentiary hearing is required or if necessary for effective discovery. See Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings.

Although he asserts he needs counsel to access statutes and case law, Sutton has successfully filed his § 2255 petition and thoroughly briefed the matter. Nor does his lack of legal training establish a particular need or an exceptional circumstance that would justify the appointment of counsel in this case. As noted, the Court does not require an evidentiary hearing and finds that discovery is unnecessary because Sutton's arguments are without merit. Therefore, Sutton is not entitled to the appointment of

SUTTON V. USA                                          1:18CV163
                                                       1:17CR27

### MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
### DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
### OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE

counsel and the Court accordingly **DENIES** his motion **AS MOOT** (Dkt. No. 24).

### VI. CONCLUSION

For the reasons discussed, the Court **DENIES** Sutton's amended § 2255 motion (Dkt. No. 11), **DENIES AS MOOT** the motion for appointment of counsel (Dkt. No. 24), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk **SHALL** enter a separate judgment order and transmit copies of both orders to the pro se petitioner by certified mail, return-receipt-requested, and to counsel of record by electronic means. The Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

### VII. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from

**SUTTON V. USA**                                               **1:18CV163**
                                                               **1:17CR27**

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 11],
DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 24], AND DISMISSING CASE WITH PREJUDICE**

the court of appeals under Federal Rule of Appellate Procedure 22."
28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Sutton has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Sutton has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

DATED: July 30, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

25